UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

        Plaintiff,                        Case No. 1:23-cv-1216

v.                                               Hon. Paul L. Maloney

LOCAL 1102, UNITED BROTHERS OF
CARPENTERS AND JOINERS OF
AMERICA, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is now before the Court on *pro se* plaintiff's "Motion for request to ask NLRB to allow dismissal of charges and continue with NLRB claims in federal court" (ECF No. 32)[1] and plaintiff's motion for summary judgment directed at defendant Local 1102, United Brothers of Carpenters and Joiners of America ("Local 1102") (ECF No. 63).

        **I.**        **Motion to request the NLRB to dismiss charges**

Here, plaintiff asks "that this Court allow Sifuentes to request the NLRB to allow him to dismiss his charges and proceed with his NLRB claims in federal court." Motion (ECF No. 32, PageID.242). Plaintiff has concluded that he "will not benefit from the requested relief of his NLRB charges concerning his claims, as he is only seeking damages and he is no longer an employee with Speedrack or a member of the Union." Brief (ECF No. 33, PageID.246). In addition, plaintiff recognizes that his requested relief lies with the NLRB, stating that "[t]he NLRB

---

[1] Out of an abundance of caution, the undersigned previously identified this motion as dispositive. *See* Order (ECF No. 55, PageID.419).

1

has given Sifuentes the option to dismiss those charges which will allow this Court to have full jurisdiction of his NLRB claims." *Id.* Despite having the option to dismiss his NLRB charges, plaintiff has failed to exercise this option. In addition, plaintiff does not provide specific information about the NLRB action or legal authority which authorizes this Court to order the NLRB to provide plaintiff with the requested relief. "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). For these reasons, plaintiff's motion (ECF No. 32) should be **DENIED**.

## II. Plaintiff's motion for summary judgment

### A. Background

Defendant Local 1102 filed a motion to dismiss plaintiff's action on February 29, 2024 (ECF No. 21). On April 30, 2024, after addressing a number of motions related to the dispositive motions in this case, the Court's order included the following language:

> Plaintiff and defendants are advised that **the briefing is closed** on the five dispositive motions (ECF Nos. 19, 21, 28, 30 and 32) and that the Court will strike any additional replies, responses, sur-replies, "supplements" or any other document related to these pending motions.

Order at PageID.419 (emphasis in original).

On June 28, 2024, plaintiff filed the present motion seeking "summary judgment in his favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on Ground I of his Amended Complaint against Defendant, United Brotherhood of Carpenters and Joiners of America ('Union')." Motion at PageID.447. The gist of plaintiff's claim is that Local 1102 breached the Union's collective bargaining agreement (CBA) because: "Article X, Section 2 of the CBA requires Speedrack [the employer] to post new job classifications and new positions"; "Speedrack failed to post new job classifications and new positions, in violation of Article X, Section 2 of the

2

CBA"; "Plaintiff filed a grievance which is attached as Exhibit B with the Union regarding Speedrack's failure to post new job classifications and new positions"; and, "The Union failed to enforce the CBA and did not take any action to remedy Speedrack's breach of Article X, Section 2." Motion at PageID.448. In support of his motion, plaintiff attached a copy of the CBA with a portion Article X (*i.e.*, sections 1 and 2, and part of section 3) (ECF No. 64-1) and a grievance against Speedrack dated November 10, 2023, alleging a violation of Article X, Section 2 (ECF No. 64-2). Based on these facts, plaintiff contends that he is entitled to summary judgment against Local 1102. *See* Brief (ECF No. 64).

In its response, defendant states that plaintiff "continues to file motion after motion despite the Court's clear instruction that no further filings would be permitted. [ECF No. 55 Page ID 419]," "request that Sifuentes' Motion for Summary Judgment is rejected per the Court's prior order," and that "[i]f the Court does not reject the filing, Defendants ask for time to prepare a full response to the motion." Response (ECF No. 70, PageID.484).

On August 28, 2024, the undersigned entered a report recommending that Local 1102's motion to dismiss (ECF No. 21) be granted. The report and recommendation (ECF No. 73) (the "R&R") is pending before the Court.

    **B.**   **Discussion**

Fed. R. Civ. P. 56(a) states that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Plaintiff's motion for summary judgment should be denied. As an initial matter, while plaintiff referred to his motion as one for summary judgment, the motion is essentially another response to the motion to dismiss. Plaintiff's supporting brief addresses jurisdictional issues related to his duty of fair representation claim which is pending in the NLRB. *See* Brief at PageID.452-453. This is a legal issue raised in defendants' motion to dismiss. *See* Defendants' Brief (ECF No. 22, PageID.177-179). As the Court observed in the R&R,

> Here, plaintiff's claims that he was transferred to a different job as a result of discrimination and retaliation, that the union breached its contract, and that the union inflicted emotional distress. These activities, which involve wages, hours, and other terms and conditions of employment, are arguably subject to § 8 of the NLRA.
>
> While plaintiff frames his claims against the union as involving inadequate and deceptive representation, this does not change the Court's conclusion. . .

4

R&R at PageID.505. With respect to the exhibits attached to plaintiff's motion for summary judgment, the CBA exhibit was attached to the amended complaint and it is uncontested that plaintiff filed the grievance against Speedrack.[2]  Based on this record, the Court construes plaintiff's motion for summary judgment as an "other document related to" the pending motions to dismiss, which should be stricken or denied without prejudice consistent with the April 30, 2024 order.

Even if the Court does not consider the motion for summary judgment as additional briefing for the pending motions to dismiss, plaintiff has failed to meet his burden.  Putting aside the considerations that the motion for summary judgment appears premature (*e.g.*, the motion to dismiss is pending, a case management order has not been issued, and discovery has not commenced), plaintiff has only presented one page of the purported CBA and a copy of the grievance which he filed against his employer.  Viewing this evidence in the light most favorable to the non-moving party, no jury could reasonably find that defendant Local 1102 breached the CBA.  Because plaintiff has failed to meet his burden with respect to the motion for summary judgment, there is no reason to grant Local 1102's request for additional time to respond to the motion.  *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure be "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

For all of these reasons, plaintiff's motion for summary judgment should be denied without prejudice.

---

[2] *See, e.g.*, Local 1102's Brief (ECF No. 22, PageID.171) ("Sifuentes, through the Union, filed a grievance under a labor agreement for the perceived allegedly discriminatory transfer from a mill position to a paint line position in the company"); Plaintiff's Response (ECF No. 34, PageID.251) (describing the charges at the NLRB as related "to the Unions [sic] refusal to arbitrate his grievance concerning unlawful transfer from the mill").

### III.  RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion for summary judgment (ECF No. 63) be **DENIED** without prejudice.

Dated:  January 13, 2025              /s/ Ray Kent
                                      RAY KENT
                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).