UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID ANGEL SIFUENTES,<br>　　　Plaintiff,<br><br>v.<br><br>LOCAL 1102, UNITED BROTHERS OF<br>CARPENTERS AND JOINERS OF AMERICA,<br>et al.,<br>　　　Defendant. | No. 1:23-cv-1216<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendants' motions to dismiss. (ECF Nos. 19, 21). Magistrate Judge Kent issued a report and recommendation. (ECF No. 73). Plaintiff, Restricted Filer David Sifuentes, filed an objection. (ECF No. 74). Defendants filed a limited objection. (ECF No. 78). Plaintiff filed a motion for judicial notice as well as a declaration. (ECF Nos. 88, 89). The court will adopt the report and recommendation and dismiss this case.

### I. Report and Recommendation (ECF No. 73)

The report and recommendation ("R&R") recommends that defendants' motions to dismiss be granted and defendants Robertson, Malinowski, and Local 1102 be dismissed. (ECF No. 73 at PageID.507). The R&R concluded that this court lacks jurisdiction because Plaintiff's claims are arguably subject to § 8 of the National Labor Relations Act ("NLRA"). (*Id.*). Additionally, the R&R recommended dismissal for the individual defendants, Robertson and Malinowski, because they could not be held liable for union actions. (*Id.*).

1

A. Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

B. Plaintiff's Objections

Plaintiff first argues that the R&R erred in concluding that this court lacks jurisdiction over Plaintiff's claims. The court held that because Plaintiff's claims implicate an activity which is subject to unfair labor practices, the court must defer to the jurisdiction of the NLRB. The court found that Plaintiff's discrimination and retaliation claim, breach of contract claim against the union, and Plaintiff's emotional distress claim against the union are arguably subject to § 8 of the NLRA.

Plaintiff relies on *Farmer v. United Bhd. of Carpenters & Joiners of Am., Loc. 25*, 430 U.S. 290, 296 (1977), which discussed state court interests in handling tort claims as opposed to the doctrine of preemption in labor law. Here, the crux of Plaintiff's claim involves labor disputes, including wage, hours, and other terms and conditions of employment. In this context, the federal labor interest is heightened over the state interest in administering tort claims. And *Farmer* is arguably inapposite here because there is no

2

"overriding state interest" in Plaintiffs' complaint, nor does Plaintiff attempt to highlight one in his brief. *Id.* at 298. Plaintiff's first objection is rejected.

Second, Plaintiff argues that the NLRB has effectively waived jurisdiction because of the alleged delay in adjudicating his claim. This is not a proper objection, and Plaintiff's argument is without support.

Third, Plaintiff argues that he is entitled to a jury trial because his constitutional rights are at stake. Plaintiff cites *Sec. & Exch. Comm'n v. Jarkesy,* 603 U.S. 109, 140 (2024). In *Jarkesy*, the Supreme Court held that a defendant facing a fraud suit has the right to be tried by a jury of his peers instead of in front of an SEC administrative tribunal. *Id.* Plaintiff is not a defendant in a fraud action brought by the SEC. This objection is rejected.

Fourth, Plaintiff argues that the NLRB's jurisdiction rests on the *Chevron* doctrine, which was recently overturned by the Supreme Court. This is not a proper objection because the R&R did not rely on the *Chevron* doctrine. Plaintiff's objections are overruled.

C. Defendants' Objection

Defendants filed a "limited motion for reconsideration of the report and recommendation." Defendants only seek to clarify that the firm, Novara Tesija Catenacci McDonald & Bass, PLLC, was not named a defendant despite Plaintiff's labels. The R&R left a footnote stating that "The Court notes that the remaining defendant, Novara Tesija Catenacci McDonald & Bass, PLLC, did not file a motion to dismiss." (ECF No. 73 at PageID.500).

Defendants assert that the firm was not named in any of Plaintiff's original or amended complaints. Under the operative complaint, Novara Tesija Catenacci McDonald

3

& Bass, PLLC is a properly pled party. The operative complaint is Plaintiff's amended complaint. (ECF No. 14). So defendants are mistaken that the firm isn't mentioned in any of the complaints. The prior court ruling indicated that Defendants' initial motions to dismiss were mooted by Plaintiff's amended complaint. (ECF No. 26). It follows, then, that the amended complaint was operable.

Despite the confusion, the court will agree with the Defendants that Novara Tesija Catenacci McDonald & Bass, PLLC should be dismissed from this suit. The R&R recommended dismissal for the individual defendants, Robertson and Malinowski, because they could not be held liable for union actions. (ECF No. 73 at PageID.506). The same reasoning applies to the firm. The R&R is adopted in its entirety and is amended to include dismissal for all Defendants, including Novara Tesija Catenacci McDonald & Bass, PLLC.

## II. Motion for Judicial Notice

Long after the report and recommendation was filed and objections to it were due, Plaintiff filed a motion for judicial notice as well as a declaration. (ECF Nos. 88, 89). In his filings, Plaintiff maintains he has dismissed his suits with the NLRB in an attempt to make jurisdiction in this court proper. However, Plaintiff's factual gamesmanship does not change this court's legal conclusion. Plaintiff's claims as pled in this lawsuit implicate the jurisdiction of the NLRB, so it remains the proper forum. *See San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon*, 359 U.S. 236, 244 (1959) ("When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that ... jurisdiction must yield [to the NLRB]."). "It is

4

essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board." *Id.*

### III. Conclusion

The court lacks jurisdiction over this action as the NLRB is the proper forum for it. All Defendants are dismissed from this action. The other pending motions are dismissed as moot. Judgment to follow.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 73) is **ADOPTED** by the court. Defendants' motions to dismiss (ECF Nos. 19, 21) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' objection (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that the rest of Plaintiff's motions (ECF Nos. 32, 63, 75, 88, 91, 94) are **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that the second report and recommendation (ECF No. 87) is **MOOT**.

**IT IS SO ORDERED.**

Date:  January 30, 2025                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge